**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JUAN CARLOS AGUIRRE VELA,

      Petitioner,

    v.                                      CV 10-0595 RB/WPL

RAY TERRY,

      Respondent.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Petitioner filed a petition for writ of habeas corpus, claiming that he is being illegally detained by the Bureau of Immigration and Customs Enforcement. (Doc. 1.) On August 12, 2010, Respondent filed an amended motion to dismiss, arguing that the petition is moot because Petitioner has been removed from the United States. (Doc. 12.)[1] No response to the motion has been filed.

I agree with Respondent that Petitioner's release from custody renders his habeas petition moot. *See, e.g., Boyce v. Ashcroft*, 268 F.3d 953, 954 (10th Cir. 2001). Therefore, the petition should be dismissed unless an exception to the mootness doctrine applies.

The Tenth Circuit has recognized four exceptions to the mootness doctrine: 1) secondary or collateral injuries will survive after resolution of the primary injury; 2) the issue is capable of repetition while evading review; 3) the respondent voluntarily ceases an illegal practice but is free to resume it at any time; and 4) the case is a properly certified class action. *Riley v. Immigration & Naturalization Serv.*, 310 F.3d 1253, 1257 (10th Cir. 2002). This case is not a class action.

---

[1] Respondent filed his original motion to dismiss on July 29, 2010. (Doc. 10.) That motion asserted the same ground for dismissal, but was mistakenly served on Petitioner, rather than his counsel, and did not state whether concurrence was sought from Petitioner's counsel. (*See* Doc. 11.) The original motion is now moot.

Moreover, I agree with Respondent that there is nothing in the record before me to indicate that the other exceptions apply. *See id.*

I recommend that Respondent's original motion to dismiss (Doc. 10) be denied as moot, that his amended motion to dismiss (Doc. 12) be granted, and that this proceeding be dismissed without prejudice.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE